UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENARD RICHARD | CIVIL ACTION NO. _____ |
| VERSUS | SECTION _____ |
| PREMIER INDUSTRIES, INC. | MAGISTRATE _____ |

## SEAMAN'S COMPLAINT FOR DAMAGES

**COMES NOW**, through undersigned counsel, plaintiff **RENARD RICHARD**, a citizen of the United States of the full age of majority, domiciled and residing in Lafourche Parish, State of Louisiana, and for his complaint in this civil action for damages against the defendant, respectfully represents to this Honorable Court as follows:

I.

Plaintiff is a seaman and brings this cause of action pursuant to Title 46 U.S.C. §30104, and pursuant to the admiralty and general maritime laws of the United States.

II.

The venue for these claims is proper in accordance with Title 28 U.S.C. §1391(b).

III.

Named as defendant herein is **PREMIER INDUSTRIES, INC.,** upon information and belief, a domestic corporation authorized to do and doing business in the State of Louisiana.

IV.

At all pertinent times hereto, plaintiff, Renard Richard was employed by Premier Industries, Inc. as a member of the crew of a fleet of vessels owned by said defendant, including but not limited to, a work barge used for the purpose of transporting pilings (hereinafter sometimes referred to as "the work barge"), upon navigable waters on a body of water believed to be known as "Lake Washington" adjacent to or in Plaquemines Parish, Louisiana, or in the waters of Bay de Chene adjacent to or in the Parish of Lafourche, Louisiana, and other navigable waterways in and around the aforesaid parishes in the State of Louisiana.

V.

On or about October 17, 2008, as Plaintiff was performing his assigned duties aboard the work barge, he sustained severe and disabling injuries to his person. More specifically, Plaintiff was working as a rigger for the defendant and was assigned the task of assisting with the placement of large extracted pilings on the work barge. At the direction of his superiors, Richard encountered an unreasonably dangerous condition when he was required to climb a stack of pilings which had been stacked to an unreasonably high level after being extracted from the lake seafloor. This extraction process resulted in the buildup of mud and grease on the stack of the extracted pilings. As plaintiff attempted to climb the stack to disengage the rigging, the dangerous and unsafe condition he encountered caused him to slip, fall and severely injure his person, more specifically his left knee. Said injuries were caused in whole or in part by the

negligence of Defendant, its agents, servants and/or employees, and/or was legally caused by the unseaworthiness of Defendant's vessel.

## VI.

Plaintiff would show that on the above-mentioned date, he was injured while in the service of Defendant's vessel. As a result, Defendant had, and continues to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues. Defendant has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount. As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or willful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of punitive damages and attorneys' fees, for which he now sues, in addition to all other relief sought.

## VII.

At all pertinent times hereto, the fleet of vessels involved in the operations, including the work barge upon which the accident occurred, was, upon information and belief, under the custody and control of, owned and/or operated by the defendant, Premier Industries, Inc.

VIII.

PREMIER INDUSTRIES, INC. was the Jones Act employer of petitioner, RENARD RICHARD, at the time of the incident described above and violated its non-delegable duty to provide petitioner with a safe place to work and a seaworthy vessel. Accordingly, defendant is liable to petitioner for its negligence and for the unseaworthiness of its vessel.  This negligence consisted more particularly, but not exclusively, of the following:

A. Failure to properly train its employees, including the superiors on duty, to recognize and avoid such hazards as those faced by petitioner on the day of the incident in question;

B. Failure to provide adequate communication between master and crew;

C. Failure to provide adequate crew for the tasks at hand; and

D. Failure to warn petitioner of the potential hazards existing at the area of the work barge where the incident in question took place.

E. Failure to properly clean the buildup of slippery material on the work barge;

F. Failure to exercise safe piling stacking procedures, including but not limited to stacking to pilings to an unsafe level and then requiring plaintiff to climb the slippery pilings to disengage the rigging.

IX.

Petitioner was injured through the negligence and fault of defendant, PREMIER INDUSTRIES, INC., its masters, crew, agents, servants and/or employees and/or vessel and those for whom it is responsible at the time of the aforementioned incident, and by

otherwise failing to provide petitioner with a safe place to work, and by otherwise failing to do what defendant should have done and in failing to provide a safe and seaworthy vessel.

X.

Petitioner, as a result of the aforementioned incident, has suffered permanent and disabling injuries which have caused, and will cause damages as follows:

1. Loss of wages and fringe benefits, past, present and future, and loss of earning capacity, past, present and future, an amount reasonable in the premises to be determined at the trial of this matter;

2. Physical and mental pain and suffering, past and future, an amount reasonable in the premises to be determined at the trial of this matter;

3. Permanent disability and loss of enjoyment of life, an amount reasonable in the premises to be determined at the trial of this matter;

4. Medical expenses, past and future, an amount reasonable in the premises to be determined at the trial of this matter;

5. Loss of found, an amount reasonable in the premises to be determined at the trial of this matter;

6. Scarring and disfigurement, an amount reasonable in the premises to be determined at the trial of this matter; and

7. Any other damages recoverable under the law in amounts reasonable in the premises.

XI.

Additionally, petitioner, RENARD RICHARD, is entitled to and makes demand for maintenance and cure benefits from defendant, which benefits have not been timely and properly paid, thus entitling plaintiff to additional sums in the form of punitive damages, attorney's fees and costs from defendant herein, as well as legal interest thereon.

**WHEREFORE**, petitioner, RENARD RICHARD, prays for judgment in his favor over and against defendant, PREMIER INDUSTRIES, INC., for monetary damages, both general and special, in the full and true sum in amounts reasonable in the premises to be proven at the trial of this matter, in favor of RENARD RICHARD, plus costs of these proceedings and legal interest from the date of judicial demand until paid, and all other equitable and just relief, as well as punitive damages and attorney's fees for the egregious failure to pay maintenance and cure to petitioner, plus all equitable and just relief to which petitioner is entitled.  Plaintiff further prays for trial by jury on all permissible issues presented herein.

Respectfully submitted:

**SAUNDERS & CHABERT**

__/s/ Henri M. Saunders_____
HENRI M. SAUNDERS, LSBA No. 25236
SCOTTY E. CHABERT, JR.  LSBA No. 30434
6525 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 771-8100
Facsimile:  (225) 771-8101

*Attorneys for Plaintiff*